UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TRINA SMITH; ANITHA SMITH;
AND TERINA SMITH,

                Plaintiff,                **Civil Action No.:** 3:24-cv-00478

V.

MOHAMUD SHIIQ; TPINE LEASING         **NOTICE OF REMOVAL**
CAPITAL CORP; AND INSIGHT
GLOBAL LOGISTICS, LTD.,

                Defendants.,

**DEFENDANT INSIGHT GLOBAL LOGISTICS LTD.'S NOTICE OF REMOVAL**

Defendant-Petitioner, **INSIGHT GLOBAL LOGISTICS LTD.** (incorrectly identified herein as "Insight Global Logistics, Ltd."), files this notice to remove the foregoing case to the United States District Court for the Northern District of Texas, Dallas Division, and respectfully shows this Court:

1. A civil action was commenced in the 116th Judicial District Court of Dallas County, Texas, in which the above-named individuals, TRINA SMITH, ANITHA SMITH and TERINA SMITH, are the plaintiffs and the petitioner, INSIGHT GLOBAL LOGISTICS LTD., is a defendant. The action is entitled <u>Trina Smith Anitha Smith; and Terina Smith v. Mohamud Shiiq; TPine Leasing Capital Corp; and Insight Global Logistics, Ltd</u>, and bears Cause Number DC-24-00958. As the action is venued in Dallas County, Texas, removal to the United States District Court for the Northern District, Dallas Division, is proper.

2. The above action was commenced against defendant-petitioner on or about January 19, 2024 [see a copy of Plaintiffs' Original Petition, attached as **Exhibit "A"**]. In sum, this civil action concerns a motor vehicle accident incident that allegedly occurred on March 4, 2023 on

westbound Interstate 20 in Dallas, Dallas County, Texas. Plaintiffs have asserted causes of actions against Defendants for alleged negligence, negligent entrustment, negligent hiring, negligent retention, negligent qualification, negligent training, negligent supervision, gross negligence, and the corporate Defendants are liable under the theory of *respondent superior* for Mahamud Shiiq's negligent acts and omissions [see **Exhibit A**, 3 - 5]. Plaintiffs seek monetary relief of over $250,000.00 but not more than $1,000,000.00 [see **Exhibit A**, 1]. Accordingly, the amount in controversy in this suit is in excess, exclusive of interest and costs, of $75,000.00.

3. This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1441. There is diversity of citizenship between the Plaintiffs and the Defendant-Petitioner.

4. "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citations and quotations omitted).

5. Pursuant to Plaintiffs' Original Petition, Plaintiffs TRINA SMITH, ANITHA SMITH and TERINA SMITH are all residents of Desoto, Dallas County, Texas [see **Exhibit A**, 1 - 2].

6. Defendant INSIGHT GLOBAL LOGISTICS LTD. is a foreign corporation whose principal place of business is in Canada. Thus, Insight Global Logistics Ltd. is a citizen of Canada for purposes of diversity jurisdiction.

7. Defendant MOHAMUD SHIIQ is a non-resident whose residence is in Ontario, Canada. Thus, Mohamud Shiiq is a citizen of Canada for purposes of diversity jurisdiction.

8. Defendant TPINE LEASING CAPITAL CORP is a foreign corporation whose principal place of business is in Canada. Thus, TPine Leasing Capital Corp is a citizen of Canada for purposes of diversity jurisdiction.

9. Because Plaintiffs are Texas citizens, Defendant Insight Global Logistics Ltd. is a citizen of Canada, Defendant Mohamud Shiiq is a citizen of Canada, and Defendant TPine Leasing Capital Corp. is a citizen of Canada, complete diversity of citizenship exists between Plaintiffs and all Defendants in this case.

10. This Court has original jurisdiction over suits between diverse parties where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)-(a)(1). In their Petition, Plaintiffs specifically assert that they are seeking "monetary relief of over $250,000 but not more than $1,000,000" [see **Exhibit A**, 1]. As a consequence, Plaintiffs have asserted alleged damages well in excess of $75,000.00, exclusive of interest and costs, and therefore the minimum jurisdictional amount required for federal diversity jurisdiction has been fully satisfied. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (stating "the sum claimed by the plaintiff controls if the claim is apparently made in good faith"); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (stating "in the typical diversity case, the plaintiff remains the master of his complaint").

11. This Notice of Removal is timely filed. Insight Global Logistics Ltd. received Plaintiffs' Original Petition through service on February 2, 2024. Because Insight Global Logistics Ltd. filed this Notice of Removal on February 28, 2024, removal is timely. *See* 28 U.S.C. § 1446(b)(1).

12. A copy of this Notice of Removal will be promptly filed with the appropriate state court pursuant to 28 U.S.C. § 1446(d).

13. Pursuant to 28 U.S.C. §1446(a), copies of all pleadings, process, and orders filed in the state court and served on Insight Global Logistics Ltd. in this action are attached hereto as **Exhibit B**.

14. As required by 28 U.S.C. § 1446(d), Insight Global Logistics Ltd. has served a copy of the Notice of Removal on all adverse parties.

15. To the best of Insight Global Logistics Ltd.'s knowledge, Defendant Mohamud Shiiq has not been served as a Defendant in this matter. Defendant TPine Leasing Capital Corp was served on February 5, 2024, but has not filed an Answer as of the date of this filing, so consent to removal cannot be obtained by any other Defendant.

16. Insight Global Logistics Ltd. asserts its right to a trial by jury.

17. Insight Global Logistics Ltd. does not waive any jurisdictional or other defenses available to it.

18. Insight Global Logistics Ltd. reserves the right to supplement this Notice of Removal and/or present additional arguments in support of its entitlement to removal.

WHEREFORE, Defendant-Petitioner prays that this action proceeds in this Court as an action properly removed thereto.

Dated: February 28, 2024

          Respectfully submitted,

          **WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**

          /s/ *Jeffrey O. Marshall*
          **Jeffrey O. Marshall**
          State Bar No. 00797005
          Jeff.Marshall@wilsonelser.com
          **J. Eric Elder**
          State Bar No. 24012583
          Eric.Elder@wilsonelser.com
          901 Main Street, Suite 4800
          Dallas, Texas 75202
          Ph:  214-698-8000
          Fx:  214-698-1101

          **ATTORNEYS FOR DEFENDANT
INSIGHT GLOBAL LOGISTICS LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was delivered to all parties and counsel of record in accordance with the Federal Rules of Civil Procedure on this the 28th day of February 2024.

          */s/ Jeffrey O. Marshall*
          **Jeffrey O. Marshall**