IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRINA SMITH; ANITHA SMITH; AND TERINA SMITH,** | § § § § § | |
| Plaintiffs, | | |
| v. | § § § | Civil Action No. **3:24-cv-00478** |
| **MOHAMUD SHIIQ; TPINE LEASING CAPITAL CORP; AND INSIGHT GLOBAL LOGISTICS, LTD.,** | § § § § § | |
| Defendants. | § | |

## NOTICE OF JURISDICTIONAL DEFICIENCY

The court has identified the following jurisdictional deficiencies in the ( ) Complaint ( **X** ) Notice of Removal that must be cured by ( ) Plaintiff(s) ( **X** ) Defendant(s) by ( **X** ) filing an amended ( ) Complaint ( **X** ) Notice of Removal by **May 28, 2024**. Failure to do so will result in the *sua sponte* ( ) dismissal without prejudice ( **X** ) remand of this action for lack of subject matter jurisdiction.

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.* A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*,

408 F.3d 177, 182 n.5 (5th Cir. 2005). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

**( X )   Jurisdiction Based on Diversity of Citizenship.** Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp.*, 841 F.2d at 1258.

**( X )   Natural Person.** A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citation omitted).

**( )   Limited Liability Company.** Citizenship "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).

**( )   Corporation.** A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (explaining meaning of "principal place of business").

**( )   Partnership or Unincorporated Association.** Citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

**( )   Trustee.** The citizenship of a trustee who possesses "customary powers to hold, manage, and dispose of assets for the benefit of others" is determined by the citizenship of the trustee, not the trust beneficiaries. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (footnote omitted). Control of the assets held in the name of the trustee must be "real and substantial." *Id.* at 465.

**( )   National Bank.** A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

**( X )   Amount in Controversy.** For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citation omitted). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). A defendant's notice of removal must plausibly allege "that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. Evidence establishing the amount is necessary when, as here, the district court questions the amount in controversy allegation. *See id.*

( ) **Jurisdiction Based on a Federal Question.** A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, which is commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331. Whether an action "arises under" federal law and creates federal question jurisdiction over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987).

The court has identified the following deficiencies:

1. **Citizenship of the Individual Parties**

Defendant Insight Global Logistics LTD's ("Defendant") removed this personal injury action based on diversity of citizenship. After reviewing the Notice of Removal and Plaintiffs' state court pleadings, the court questions whether the parties are completely diverse as required to support subject matter jurisdiction based on diversity. Defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the parties are completely diverse. *De Aguilar v. Boeing Co.* (De Aguilar I), 11 F.3d 55, 58 (5th Cir. 1993). Defendant may satisfy this burden by demonstrating that it is facially apparent from Plaintiffs' Petition that the parties are citizens of different states, or by setting forth the facts in controversy that support a finding of complete diversity. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

As previously stated, a natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citation omitted).

In its Notice of Removal (Doc. 1), as to the parties' citizenships, Defendant states:

> 5. Pursuant to Plaintiffs' Original Petition, Plaintiffs TRINA SMITH, ANITHA SMITH and TERINA SMITH are all residents of Desoto, Dallas County, Texas [*see* Exhibit A, 1 - 2].
>
> 6. Defendant INSIGHT GLOBAL LOGISTICS LTD. is a foreign corporation whose principal place of business is in Canada. Thus, Insight Global Logistics Ltd. is a citizen of Canada for purposes of diversity jurisdiction.
>
> 7. Defendant MOHAMUD SHIIQ is a non-resident whose residence is in Ontario, Canada. Thus, Mohamud Shiiq is a citizen of Canada for purposes of diversity jurisdiction.

> 6. Defendant Smith Transportation, Inc. is incorporated in the State of Kansas and has a Principal Place of Business in Kansas. Therefore, Smith Transportation, Inc. is a citizen of Kansas.
>
> 8. Defendant TPINE LEASING CAPITAL CORP is a foreign corporation whose principal place of business is in Canada. Thus, TPine Leasing Capital Corp is a citizen of Canada for purposes of diversity jurisdiction.

Doc. 1 at 2-3. Although the jurisdictional allegation as to the corporate defendants are sufficient, Defendants allegations regarding Plaintiffs and the individual defendant's citizenships are insufficient. Other than stating their places of residence, Defendants provide no further facts in controversy to support the citizenships of the individual parties by a preponderance of the evidence. *See Preston*, 485 F.3d at 799. The citizenship of the parties is also not facially apparent on Plaintiffs' pleadings since they also only state the residences of the individual parties.

## 2. Amount in Controversy

In addition, the court questions whether the amount in controversy exceeds $75,000 as required to support subject matter jurisdiction based on diversity. The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar I*, 11 F.3d at 58. The defendant may satisfy this burden by demonstrating that it is facially apparent from the plaintiff's petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen*, 63 F.3d at 1335.

Defendant's Notice of Removal relies solely on Plaintiffs' Petition and formulaic request for damages that are commonly included in state court petitions in personal injury cases, such as this, without setting forth sufficient facts in controversy that would support a finding that the amount in controversy is satisfied. Defendant correctly notes that Plaintiffs allege monetary relief of more than $250,000 but no more than $1,000,000, but it is not facially apparent from their pleadings that any recovery would likely exceed $75,000. Plaintiffs merely allege in conclusory fashion that they "suffered extensive injuries and damages" and lists conclusory boilerplate damages without any supporting facts. Doc. 1-1 at 5.

For example, Plaintiffs fail to provide any specifics regarding the nature and extent of their injuries and any medical care or expenses they have incurred to date. Likewise, Plaintiffs provide no monetary estimates or facts to support their claims for: (1) "lost wages in the past and loss of earning capacity in the future"; (2) "property damages, loss of use of [their] vehicle, and diminution of value"; and (3) "mental anguish in the past and future." *Id.* at 9. Therefore, the court cannot quantify the potential monetary value of Plaintiffs' claims absent this information. Accordingly, it is not facially apparent from Plaintiffs' Petition any of Plaintiffs' individually meet the jurisdictional threshold regarding the amount in controversy; thus, Defendants bear the burden of providing to the court additional evidence for it to make this determination. *See Dart*, 574 U.S. at 89.

Defendants' simple restatement or adoption of another party's anemic, bare-bones, or deficient pleadings, however, does not transform the action into one in which the jurisdictional

threshold for the amount in controversy has been met. To hold that the amount requested in this case is made in good faith requires a quantum leap of logic that this court has no basis to make. Because of this fatal flaw, the Notice does not set forth any plausible allegations to show that the amount in controversy more likely than not exceeds $75,000. Accordingly, if Defendants fail to file an amended notice of removal that cures the jurisdictional defects previously identified by May 28, 2024, the court will dismiss this action for lack of subject matter jurisdiction.

    **It is so ordered** this 14th day of May, 2024.

                                      Sam A. Lindsay
                                      United States District Judge